**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DARYL I. DILLIHAY,  :  Civil No.: 06-0050 (JBS)
       Plaintiff,  :
       v.  :  **O P I N I O N**
MICHAEL DONIO, et al.,  :
       Defendants.  :

**APPEARANCES:**

Daryl I. Dillihay, Pro Se
#133987
Atlantic County Justice Facility
211 Flint Pond Place
Galloway, NJ 08205

**SIMANDLE**, District Judge:

    Plaintiff Daryl I. Dillihay is currently confined at the Atlantic County Justice Facility, Galloway, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights.[1]

    At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

---

[1] Plaintiff asserts jurisdiction under various state criminal statutes, and a federal criminal statute. Liberally construing the complaint, the Court notes that Plaintiff seeks monetary damages, and will consider the complaint under 42 U.S.C. § 1983.

seeks monetary relief from a defendant who is immune from such relief.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff's complaint is verbose and somewhat incoherent. Plaintiff states that on October 22, 2002, he was stopped by police officers while in a motor vehicle.  The vehicle was stolen.  Plaintiff claims he was not aware of that fact. Plaintiff was arrested, and claims that there was an issue regarding his identifying paperwork and his true identity. Plaintiff claims he was "unlawfully incarcerated for 104 days." He was charged with receiving stolen property.  It appears that other charges and warrants were also enforced against Plaintiff, and he received three years probation and was incarcerated for 31 days in 2005.  Plaintiff also served time for a drug possession conviction.

Plaintiff seeks to sue the following defendants:
(1)  Michael Donio -- a judge in the Superior Court of New Jersey.  Plaintiff states that this defendant suppressed paperwork and charged him with hindering his own prosecution and giving false information.  He also states that this defendant "ignored and suppressed" his papers and failed to prove jurisdiction and findings of fact and law.

(2)   Chris Brown -- a municipal judge in Galloway Township Municipal Court.  Plaintiff states that this defendant unlawfully restrained and imprisoned him, failed to prove jurisdiction, and abused his authority and process of law, including trying him for traffic tickets that were three years old.

(3)   Atlantic County Justice Facility -- Plaintiff states that employees in the Facility did not properly calculate his jail credits resulting in his being incarcerated unlawfully.  He also states that he suffered from a burn and gum problems "for which [he] is now seeking medical help."

(4)   Robyn Margulis and Dave Gruber -- Clerks to defendant Donio. Plaintiff states that these defendants did not include proper credits on his presentence report.

(5)   Eric Shenkus and William Merz -- Public Defenders assigned to Plaintiff's case(s).  Plaintiff states that defendant Shenkus did not represent him properly and "coerced" him into taking "a deal."  He states that these defendants had a conflict of interest in representing him.

(6)   Atlantic County Sheriff's Department, Warrant Squad -- Plaintiff states that this defendant abused authority and illegally searched his home.

(7)  Officer Higbee -- a police officer in Galloway Township. Plaintiff states that this defendant abused authority and unlawfully restrained him, and charged him with receiving stolen

property after he told the officer that he did not know anything about the crime.

(8) Atlantic County Municipality and City of Galloway -- Plaintiff states that officials in this entity engaged in corruption and racketeering and abused their authority to deprive him of his rights.

Plaintiff asks the Court to vacate all charges stemming from October 22, 2002 to the present, to subpoena all records so that the court can see how his rights have been violated, and for the Court to impose monetary damages for his unlawfully incarceration.

## DISCUSSION

**A.   Standard of Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions

that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

When determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 520 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within

> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Will Be Dismissed.**

   1.   Plaintiff's Claims are Barred by *Younger*.

   First, Plaintiff's claims regarding ongoing state criminal proceedings, including his illegal search claims and claims regarding his pending criminal charges, are essentially a matter of state law procedure.  However, it is not generally the role of the federal courts to interfere in pending state judicial proceedings.  A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings.  See Younger v. Harris, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings).  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

6

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept., 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, if state proceedings implicating important state interests are ongoing, Plaintiff has the opportunity to raise his instant claims in those proceedings. Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending.  See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).  Therefore, Plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

> 2. Plaintiff's Claims Regarding Improper Calculation of Jail Credits and Requesting Charges be Vacated are Barred by *Preiser* and *Heck.*

In a series of cases beginning with Preiser v.Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  The Court held that "when a state prisoner is

7

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In this case, to the extent that Plaintiff asserts that there was no probable cause to arrest him, and asks for the charges to be vacated, Plaintiff challenges the fact of his physical imprisonment. Therefore, in accordance with Preiser, the claims are dismissable for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

8

>bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Plaintiff's claims against the defendants in this case present the type of claim addressed in <u>Heck</u>; that is, a finding that Plaintiff's conviction(s) was procured by unconstitutional means would necessarily imply the invalidity of his conviction(s).[2] As Plaintiff does not contend that his

---

[2] In <u>Smith v. Holtz</u>, 87 F.3d 108 (3d Cir. 1996), the Third Circuit extended <u>Heck</u>, holding that a claim that, if successful,

conviction has been invalidated, these claims have not yet accrued. Accordingly, these claims are subject to dismissal for failure to state a claim.

    3.   <u>Judges and Prosecutors are Immune from Suit.</u>

The Court notes that judges and prosecutors are immune from suit under section 1983. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9 (1991) (holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity); <u>Figueroa v. Blackburn</u>, 208 F.3d 435, 441 (3d Cir. 2000)(holding that municipal judge was entitled to absolute immunity when judicial acts were taken in a matter over which judge had jurisdiction); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983"). Therefore, Plaintiff's claims against Judges Donio and Brown shall be dismissed.

    4.   <u>Public Defenders and Jail Facilities are not "Persons" for Purposes of § 1983.</u>

Further, public defenders are not "state actors" for purposes of § 1983 claims. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S.

---

would necessarily imply the invalidity of a future conviction on a pending criminal charge is not cognizable under § 1983. <u>See also</u> <u>Alvarez-Machain v. United States</u>, 107 F.3d 696, 700-01 (9th Cir. 1996) and <u>Hamilton v. Lyons</u>, 74 F.3d 99, 102-03 (5th Cir. 1996) (applying <u>Heck</u> to suits filed by pretrial detainees).

312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law). Additionally, Plaintiff's claims against the Atlantic County Justice Facility are subject to dismissal as the Facility is not a "person" under § 1983. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 E.D. Pa. 1976).

    5.    Claims Against County and City are improperly based on *Respondeat Superior* theory of liability.

As to defendants Atlantic County and City of Galloway, Plaintiff seeks to improperly assert liability against these defendants pursuant to a theory of respondeat superior, making general assertions that officials are corrupt because of the treatment he has received in the course of his criminal events. However, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

11

represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  Thus, the claims against the county and city are subject to dismissal.

    6.   Plaintiff's Medical Care Claim Fails to State a Claim.

Plaintiff generally asserts in his Complaint that he suffered from a third-degree burn on his foot, and that he has problems with his gums bleeding.  Liberally construing the complaint, Plaintiff, as a pretrial detainee, asserts a violation of his due process rights under the 14th Amendment for lack of medical care.  However, Plaintiff has not asserted that he has either sought, or sought and was refused, treatment for his injuries.  Plaintiff states only that he suffers from the injuries/conditions, and that he is now seeking medical assistance.  Therefore, Plaintiff does not allege facts indicating a medical care claim that should proceed past sua sponte screening.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (holding that in order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need); Bell v. Wolfish, 441 U.S. 520, 535 (1979) (stating that in analyzing whether a pretrial detainee's conditions of confinement violate due process, the Supreme Court has held that

the proper inquiry "is whether those conditions amount to punishment of the detainee"); see also Fuentes v. Wagner, 206 F.3d 335, 342 (3d Cir. 2000).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed as to all defendants. An appropriate order follows.


                                       **s/ Jerome B. Simandle**
                                             JEROME B. SIMANDLE
                                   United States District Judge

Dated:   **May 31, 2006**